# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**SAEB MOKDAD,**

      Plaintiff,

vs.

**ERIC H. HOLDER, JR.** in his official capacity as Attorney General of the United States of America; **ROBERT S. MUELLER,** III, in his official capacity as Director of the Federal Bureau of Investigation; and **TIMOTHY J. HEALY**, in his official capacity as Director of the Terrorist Screening Center,

      Defendants.

Case No.:
Hon.

**PLAINTIFF'S VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**NABIH H. AYAD & ASSOCIATES, P.C.**
**NABIH H. AYAD (P59518)**
Attorney for Plaintiff
2200 Canton Center Rd., Ste. 220
Canton, MI 48187
(734) 983-0500

L A W   O F F I C E S
**NABIH H. AYAD & ASSOCIATES P.C.**
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
(734) 983-0500

## PLAINTIFF'S VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
*Violation of the Fifth Amendment to the United States Constitution*
*And*
*The Administrative Procedures Act*

      **NOW COMES**, Plaintiff by and through undersigned counsel and respectfully submits the following as Plaintiff's Verified Complaint:

## PRELIMINARY STATEMENT

1.       Free and unabridged access to commercial air travel is an integral component to a citizen's modern exercise of their fundamental right to movement and travel. The "No Fly List" represents the most visible and egregious impediment to this right. Presently, the United State's system of screening prospective travelers through the No Fly List is clandestine; forestalling prospective travelers from obtaining any information about their inclusion on the list or providing any cognizable process for challenging the same.

2.       The Plaintiff to this Action is a United States citizen who was, and continues to be, denied boarding flights to and from the United States to his home country of Lebanon.

3.       Plaintiff has made several unsuccessful attempts to board flights within the United States but has been denied, apparently due to the Transportation Security Administration's representation that he is on the No Fly List.

4.       Plaintiff does not know why he is allegedly on the No Fly List and government officials have been unable or unwilling to explain why he is on the No Fly List, or further, how Plaintiff can be removed from the No Fly List.

5.       Plaintiff has made numerous, albeit unsuccessful, attempts to receive additional information and remove himself from the no fly list.

6.       The government's inability or unwillingness to cooperate in any meaningful fashion has caused Plaintiff to file the present action seeking declaratory and injunctive relief. Namely, the removal of his name from the No Fly List or any other such list that would prevent Plaintiff from boarding a commercial aircraft.

**PARTIES**

7. Plaintiff Saeb Mokdad is a forty six year old male and resident of Dearborn, Michigan. He has been residing within the United States for over twenty-six (26) years was proud to receive his United States Citizenship on or about 1991.

8. Plaintiff is a successful concert promoter and entrepreneur in Dearborn, and has a number of active business matter in Beirut that need to be concluded. Specifically, Mr. Mokdad needs to conclude a lawsuit in Beirut in which he is the Plaintiff, set to settle on May 8, 2013.

9. Defendant Eric Holder, Jr. is the Attorney General of the United States of America and leads the Department of Justice (hereinafter "DOJ"), a department of the United States that oversees the Federal Bureau of Investigations (hereinafter "FBI"). Defendant Holder is sued in his official capacity.

10. The FBI maintains and oversees the Terrorist Screen Center (hereinafter "TSC").

11. The TSC develops and maintains the federal government's consolidated Terrorist Screening Database and the No Fly List.

12. Defendant Robert S. Mueller is the Director of the FBI and he is sued in his official capacity.

13. Defendant Timothy J. Healy is the Director of the Terrorist Screening Center and is sued in his official capacity.

**JURISDICTION AND VENUE**

14. This Verified Complaint against the Federal Bureau of Investigations, the Terrorist Screening Center, and the United States Department of Justice is to bring redress for a

violation had under the Fifth Amendment to the United States Constitution and the Administrative Procedures Act (hereinafter "APA").

15.    Subject matter jurisdiction is established by and through 28 USC 1331 and 5 USC 702.

16.    This Honorable Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act found at 28 USC 2201 and 2202.

17.    The APA, 5 USC 706, vests this Honorable Court with the power to challenge and review agency actions that are unlawfully withheld or unreasonably delayed and to set aside the challenged agency action. Further authority for this action for injunctive relief is found in the Due Process Clause of the United States Constitution.

18.    Venue is properly before this Court. Pursuant to 28 USC 1391(e) the above named Defendants are officers of agencies of the United States of America and are sued in their official capacities as such. Further, Plaintiff resides within this district and a substantial part of the events, acts, and omissions giving rise to this action occurred within this district.

## STATEMENT OF FACTS

19.    Upon information and belief the No Fly List finds its beginnings with the "Terrorist Screening Center" (hereinafter "TSC") established in 2003 to consolidate the government's approach to identifying and tracking individuals suspected of terrorist activities and/or those individuals that are known associates of the same.

20.    Upon information and belief, the TSC is managed by the FBI, which develops, maintains, and amends the consolidated Terrorist Screening Database (colloquially known as the "Terrorist Watch List").

LAW OFFICES
NABIH H. AYAD & ASSOCIATES P.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
(734) 983-0500

21.     The TSC shares information with other law enforcement agencies such as the Transportation Security Administration (hereinafter "TSA"), and U.S. Customs and Border Protection (hereinafter "CBP") for use in screening travelers entering the United States.

22.     Upon information and belief, an individual can be nominated for inclusion on either the No Fly List or the Terrorist Watch List by either the National Counterterrorism Center or the FBI.

23.     Upon information and belief, following nomination by either the NCC or the FBI, the TSC determines whether or not the subject individual qualifies as a "known or suspected terrorist." Individuals determined to be known or suspected terrorists are placed on the Terrorist Watch List. It is presently unknown what standards are applied to placing an individual on the No Fly List.

24.     Further Defendants have failed to provide a fair and transparent remedial mechanism that would allow affected individuals to challenge their inclusion on either the No Fly List or the Terrorist Watch List.

25.     An individual aggrieved by their inclusion on the No Fly List is afforded a single remedy – file a Traveler Redress Inquiry Program (TRIP) complaint with the Department of Homeland Security.

26.     Upon information and belief, TRIP transfers the individuals complaint to the TSC which, in secret, determines whether any action should be taken. Upon information and belief TSC provides no publicly available information about its decision making process.

27.     Upon information and belief, the TSC is the agency that determines the propriety of an individual's inclusion on the No Fly List. The TSC then informs DHS of its decision. DHS TRIP then responds to the individual with a vague and confusing letter that neither confirms nor

denies the existence of any terrorist watch list records relating to the individual, nor does the letter provide a factual basis for the determination, or the criteria considered.

28.     Plaintiff has made three (3) such inquires with DHS, on or about September 22, 2012, October 22, 2012, and January 4, 2013; but the Defendants have failed to correct the matter.

29.     Plaintiff has continuously resided in or around the Dearborn area since 1986. He is married to a United States citizen and has four (4) children; all United States Citizens. His family is currently residing in Lebanon and has been prevented from traveling to the US to live with Plaintiff.

30.     Plaintiff has been unable to see his family for over seven months due to the restriction on his travel.

31.     On or about September 22, 2012, Plaintiff, attempted to travel to Detroit, as he was in Beirut for a visit with his family and was prevented from flying to Detroit from Paris.  On or about this date, he was sent back to Beirut from Paris and notified by authorities he could not return to the US.

32.     Upon learning about this apparent restriction of his travel, Plaintiff inquired with the American Embassy in Paris, was told to head back to Beirut, and had to wait two weeks before he could be cleared for travel back to the United States.

33.     On Friday January 4, 2013, Plaintiff attempted to board a Lufthansa Airlines flight with connections to Beirut, Lebanon. Plaintiff attempted to travel to Beirut to visit with his family for ten days. Plaintiff was restricted from boarding the flight by law enforcement personnel at Metro Airport.

34.     Last week, on Wednesday May 1, 2013 Plaintiff attempted to board a Delta Airlines flight to Beirut, Lebanon. Plaintiff needed to be physically present in Beirut for his

LAW OFFICES
NABIH H. AYAD & ASSOCIATES P.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
(734) 983-0500

ongoing civil suit and settlement set for May 8, 2013. Plaintiff was again prevented from boarding the flight by law enforcement personnel at Metro Airport.

### FIRST CLAIM FOR RELIEF
### FAILURE TO PROVIDE POST-DEPRIVATION NOTICE AND HEARING
*Violation of the Fifth Amendment Due Process Clause of the United States Constitution*

35.     Plaintiff incorporates each and every allegation above as though fully plead herein.

36.     Plaintiff has a liberty interest in traveling free from unreasonable burdens within, to or from the United States of America.

37.     Further, Plaintiff has the right to be free from the false allegation that he is a terrorist or that he is associated with terrorist activities when such harm arises in conjunction with the deprivation of his constitutionally protected right to travel pursuant to the Fifth Amendment Due Process Clause.

38.     Plaintiff has a liberty interest in not being singled out for punishment without trial or without due process of law. Defendants' actions have singled out Plaintiff for such punishment, by way of example, by preventing Plaintiff from traveling by air through United States airspace, effectively preventing Plaintiff from traveling to Lebanon.

39.     Plaintiff is entitled to a legal system that affords him notice and an opportunity to contest the deprivation of his right to travel.

40.     Defendants have violated Plaintiff's rights without affording him due process of law and will continue to do so into the future so long as Plaintiff intends upon traveling to Lebanon.

**SECOND CLAIM FOR RELIEF**
**UNLAWFUL AGENCY ACTION**
*5 USC 702, 706*

41.     Plaintiff incorporates each and every allegation above as though fully plead herein.

42.     Defendants' actions as described herein were arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and contrary to constitutional rights, power, privilege, or immunity, and should be adjudicated as unlawful and set aside as such pursuant to 5 U.S.C. § 706.

43.     Defendants' failure to provide Plaintiff with a constitutionally adequate remedy that affords, at a minimum, notice and an opportunity to contest his placement on the No Fly List after being denied access to commercial flights is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and contrary to constitutional rights, power, privilege, or immunity, and should be set aside as unlawful pursuant to 5 U.S.C. § 706.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an Order:

A.  Declaring that Defendants' policies, practices, and customs violate the Fifth Amendment of the United States Constitution and the Administrative Procedure Act;

B.  Enjoining Defendants and requiring them to remedy the constitutional and statutory violations by removing Plaintiff from the No Fly List or any other list that prevents Plaintiff from exercising his constitutionally guaranteed right to travel;

LAW OFFICES
**NABIH H. AYAD & ASSOCIATES P.C.**
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
(734) 983-0500

C.  Enjoining Defendants and requiring them to provide a valid legal mechanism that affords notice of the factual basis for the placement of individuals on the No Fly List and a meaningful opportunity to contest their inclusion on said list;

D.  Award attorney's fees, costs, and expenses of all litigation pursuant to 28 USC 2412; and

E.  Enter any and all other relief as this Court deems just and equitable.

Respectfully Submitted

NABIH H. AYAD & ASSOCIATES P.C.

/s/ Nabih H. Ayad

Dated: May 8, 2013

_____
Nabih H. Ayad (P59518)
Attorney for Plaintiff
2200 Canton Center Road, Suite 220
Canton, MI 48187
Phone: (734) 983-0500
Fax: (734) 983-0520

## **VERIFICATION**

I, the undersigned, hereby swear under oath, that I have read the entire complaint and I am in agreement to its contents in its entirety and that it is my understanding and knowledge to the best of my recollection, at this time, that all information contained therein is true and accurate.

/S/ SAEB MOKDAD

_____

SAEB MOKDAD