# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: November 21, 2017

Mr. Nabih H. Ayad
645 Griswold Street, Suite 2202
Detroit, MI 48226

Ms. Sharon Swingle
Mr. Joshua Paul Waldman
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

        Re: Case No. 16-2442, *Saeb Mokdad v. Jefferson B. Sessions, III, et al*
           Originating Case No. : 2:13-cv-12038

Dear Counsel,

    This decision was originally filed as an unpublished opinion on November 13, 2017. The court has now designated the opinion for publication.

    Enclosed is a copy of the court's published opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure. Please note that the date the opinion is deemed to have been filed remains November 13, 2017.

                Yours very truly,

                Deborah S. Hunt, Clerk

                Cathryn Lovely
                Deputy Clerk

cc: Mr. David J. Weaver

Enclosures

Mandate to issue.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0265p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

SAEB MOKDAD,

        *Plaintiff-Appellant*,

v.

JEFFERSON B. SESSIONS, III, Attorney General, et al.,

        *Defendants-Appellees*.

No. 16-2442

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:13-cv-12038—Victoria A. Roberts, District Judge.

Argued: September 20, 2017

Decided and Filed: November 13, 2017[*]

Before: BATCHELDER, GILMAN, and GIBBONS, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Nabih H. Ayad, AYAD LAW, P.L.L.C., Detroit, Michigan, for Appellant. Joshua Waldman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. **ON BRIEF:** Nabih H. Ayad, AYAD LAW, P.L.L.C., Detroit, Michigan, for Appellant. Joshua Waldman, Sharon Swingle, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

---

[*]This decision was originally filed as an unpublished opinion on November 13, 2017. The court has now designated the opinion for publication.

## OPINION

JULIA SMITH GIBBONS, Circuit Judge. Saeb Mokdad appeals the district court's decision to dismiss his suit for lack of subject matter jurisdiction after finding that Mokdad's case is moot. Because we agree that Mokdad's case is moot following declaration of the the Terrorist Screening Center ("TSC") that Mokdad is not on the No Fly List and will not be placed on that list based on currently available information, we affirm.

I.

A.

Saeb Mokdad is a naturalized United States citizen who resides in Dearborn, Michigan. This case originated in May 2013, when Mokdad filed suit seeking injunctive and declaratory relief against the United States Attorney General, the Director of the FBI, and the Director of the Terrorist Screening Center based on three alleged instances where he was denied boarding on commercial airline flights between the United States and his native country of Lebanon. Claiming that his application for redress under the Department of Homeland Security Traveler Redress Inquiry Program ("DHS TRIP") was not adequately resolved, he requested that the district court order the defendants to remove him from the No Fly List and any other such list that prevented him from traveling, and to order defendants to provide him notice and an opportunity to contest his placement on the No Fly List. The district court concluded that it lacked subject matter jurisdiction over Mokdad's claims and dismissed his complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). *Mokdad v. Holder*, No. 13–12038, 2013 WL 8840322, at *5 (E.D. Mich. Dec. 5, 2013).

B.

On appeal, we held that the district court had subject matter jurisdiction to hear Mokdad's claim challenging his placement on the No Fly List and reversed and remanded for further proceedings to determine Mokdad's status on the list. *Mokdad v. Lynch*, 804 F.3d 807, 808 (6th

Cir. 2015).  We declined to reach Mokdad's claim about the adequacy of the procedures to contest inclusion on the No Fly List because Mokdad did not join a necessary party—the Transportation Security Administration ("TSA")—as a defendant.  *Id.* at 815.

We noted that the sole issue remanded to the district court was "Mokdad's claim directly challenging his placement by TSC on the No Fly List."  *Id.*  On remand, TSC re-examined Mokdad's DHS TRIP request and notified him in a December 22, 2015 letter that he was not on the No Fly List.  TSC subsequently moved to dismiss Mokdad's challenge to his No Fly List status, arguing that the case was moot.  TSC also agreed to issue a declaration that Mokdad is not on the No Fly List and will not be placed back on the list based on the currently available information.  The district court held a hearing on the motion to dismiss on August 9, 2016 and granted TSC's motion.  The district court ordered TSC to issue the declaration and file a copy of the letter with the court no later than August 16, 2016.  Timothy Groh, TSC's Deputy Director for Operations, executed the declaration on August 15, 2016, and it was filed with the court.  Mokdad filed a timely notice of appeal to challenge the court's determination that the case was moot.

II.

This court reviews *de novo* a district court's decision to dismiss for lack of subject matter jurisdiction.  *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013).

A.

Under Article III of the United States Constitution, federal courts have the power to adjudicate only "Cases" and "Controversies."  *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013).  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'"  *Id.* at 726–27 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)).  Parties lack a legally cognizable interest in a case's outcome when "events . . . make it 'impossible for the court to grant any effectual relief whatever to a prevailing party.'"  *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).

2:13-cv-12038-MAR-RSW Doc # 64 Filed 11/21/17 Pg 5 of 8 Pg ID 678    Case: 16-2442  Document: 32  Filed: 11/17/2017  Page: 5    (5 of 8)

No. 16-2442        *Mokdad v. Sessions*        Page 4

    Mokdad argues that his case still presents a live issue for the court because he continued to experience unreasonable delays in boarding even after receiving TSC's letter stating that he is not on the No Fly List. He suggests that these injuries are "plausibly related to or caused by [his] initial inclusion on the No Fly List or some other watch list." CA6 R. 20, Appellant Br., at 12. However, Mokdad's new factual allegations do not save his case from mootness because the narrow issue remanded to the district court was "Mokdad's challenge to his alleged placement on the *No Fly List* by TSC." *Mokdad*, 804 F.3d at 815 (emphasis added). Mokdad's placement on "some other watch list" was therefore not before the district court. When TSC agreed to stipulate that Mokdad was not on the No Fly List and would not be put on the list based on current information, it resolved the narrow issue before the court. After TSC's stipulation, the district court could not "grant any effectual relief" to Mokdad because TSC's declaration had resolved the only claim before the court. Thus, there was no live case or controversy, and the district court properly dismissed Mokdad's claim for lack of subject matter jurisdiction.

    Even if Mokdad has in fact been placed on another watch list, Mokdad did not identify any other lists or name other defendants in his complaint. There would still be no way for this court to grant effectual relief because Mokdad has not provided us with any basis on which to do so—there are no other named defendants against whom the court could enter a judgment and no other causes of action alleging a basis for relief.

    Mokdad relies on a case from the Northern District of California, *Ibrahim v. Dep't of Homeland Sec.*, 62 F. Supp. 3d 909 (N.D. Cal. 2014), for his argument that his case has not yet been fully resolved.[1] After finding that the plaintiff had been mistakenly entered on the No Fly List, the *Ibrahim* court ordered the government to "search and trace all of its terrorist watchlists and records . . . and the no-fly and selectee lists, for entries identifying Dr. Ibrahim" and to

---

[1] In *Ibrahim*, the plaintiff was a Malaysian citizen who had been admitted to the United States to study at Stanford University. *Ibrahim*, 62 F. Supp. 3d at 911. In 2005, she attempted to board a plane in San Francisco and was taken to a holding cell and informed that she was on the No Fly List. *Id.* She was eventually permitted to fly to Hawaii and ultimately to Malaysia. *Id.* Her student visa was revoked in Malaysia and she was unable to return to the United States. *Id.* After protracted litigation over whether or not the plaintiff, a nonimmigrant alien, had standing, the Ninth Circuit ruled that she did because she "had a 'substantial voluntary connection' to the United States." *Id.* at 912 (quoting *Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 993–94 (9th Cir. 2012)). The case was remanded to the district court and a bench trial was held. *Id.* at 914–15. It was determined at trial that the plaintiff had been entered on the No Fly List by mistake. *Id.* at 916.

remove her from those lists. *Ibrahim*, 62 F. Supp. 3d at 936. Mokdad argues that the district court in his case should have followed the *Ibrahim* court's example and removed his name "from any list that prevents him from exercising his constitutionally guaranteed right to travel." CA6 R. 20, Appellant Br., at 18.

Mokdad's reliance on *Ibrahim* is misplaced for two reasons. First, in *Ibrahim* the plaintiff had been entered on the No Fly List by "human error." *Ibrahim*, 62 F. Supp. 3d at 916. By contrast, Mokdad has not established that his placement on the No Fly List was due to human error. As the district court noted in the hearing on the defendants' motion to dismiss, the government has not even admitted that Mokdad was ever on the No Fly List in the first place. Second, the plaintiff in *Ibrahim* presented evidence at trial showing her status on various watchlists and so the court granted relief specific to this evidence. In contrast, Mokdad has failed to even amend his complaint to add new defendants or new causes of action. Based on the "narrowness" of Mokdad's claim, the district court could not grant any relief to Mokdad because the court could not "order what [TSC has] already agreed that they won't do." DE 61, Hearing Tr., Page ID 643. If Mokdad believes that he is on another type of government list, the proper way for him to remedy the situation, as the district court has stated, is to file a new action.

### B.

Mokdad also argues that his case cannot be moot because TSC's actions fall under the voluntary cessation doctrine. "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000). The reason for this, the Supreme Court has explained, is to prevent underhanded litigation tactics: "Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." *Already*, 133 S. Ct. at 727.

The voluntary-cessation doctrine does not apply here because the government's actions were not voluntary. *See Am. Bar Ass'n v. Trade Comm'n*, 636 F.3d 641, 648 (D.C. Cir. 2011). In a December 16, 2015 order, the district court held that "Defendant must immediately reopen Plaintiff's [DHS TRIP] request" and "[i]ssue a letter to Plaintiff and the Court, stating whether or

not he is on the No Fly List." DE 43, Order, Page ID 457. TSC complied with the order and issued Mokdad a letter dated December 22, 2015, informing him that he was not on the No Fly List. TSC thus made the determination that Mokdad is not currently on the No Fly List to comply with a court order—hardly a voluntary action.

Similarly, in the hearing on the defendants' motion to dismiss, the district court asked if the government would be "willing" to make a supplemental declaration, which the government agreed to do. DE 61, Hearing Tr., Page ID 623. Although such a request is not mandatory (unlike a court order), it does suggest that TSC did not agree to issue the formal declaration entirely of its own free will. In fact, the defendants had initially argued that such a declaration was unnecessary. Moreover, in its order granting the motion to dismiss, the district court incorporated TSC's offer to issue a formal declaration and ordered that "[t]he declaration *must*, at a minimum, state that Mokdad will not be placed back on the No Fly List based on the currently available information." DE 57, Order Granting Mot. to Dismiss, Page ID 614 (emphasis added). Because TSC did not issue the declaration of its own volition, its actions do not fall under the voluntary cessation doctrine.

III.

For the foregoing reasons, we affirm the district court's dismissal of Mokdad's case.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 16-2442

SAEB MOKDAD,
    Plaintiff - Appellant,

v.

JEFFERSON B. SESSIONS, III, Attorney General, et al.,
    Defendants - Appellees

**FILED**
November 13, 2017
DEBORAH S. HUNT, Clerk

Before: BATCHELDER, GILMAN, and GIBBONS, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that the district court's dismissal of Saeb Mokdad's case is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk